IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **Crim. No. 02-078** |
| | ) | **Crim. No. 02-009** |
| **PETER SPLENDORE** | ) | |
| | ) | |

## OPINION

Pending before the Court is Defendant Peter Splendore's Motion to Dismiss Indictment (Doc. # 48).

Defendant was indicted on April 17, 2002. (Doc. #1). On April 17, 2002, the United States ("the Government") moved for issuance of an arrest warrant, which the Court granted. (Doc. #3). The Government applied for a Writ of Habeas Corpus Ad Prosequendum on June 13, 2002, which the Court granted. (Doc. #6). Defendant appeared on August 29, 2002 (Doc. #12). The Government requested that he be detained (Doc. # 13). The Defendant waived the detention hearing. (Doc. #15). Assistant Federal Public Defender Jay Finkelstein was appointed as Defendant's counsel on August 30, 2002 (Doc. #16). Defendant was arraigned on September 5, 2002. On September 19. 2002, Defendant filed a motion to extend time for filing pretrial motions. (Doc. # 18). This motion was granted and Defendant was given until November 20, 2002 to file his pretrial motions. On November 18, 2002, Attorney Finkelstein was replaced by Assistant Federal Public Defender Crystina Kowalczyk as Defendant's attorney. (Doc. # 19). On November 18, 2002, Defendant filed a motion to extend time for filing pretrial motions. (Doc. # 20). This motion was granted and Defendant was given until December 20, 2002 to file his pretrial motions. On December 12, 2002, Defendant filed a motion to extend time for filing

pretrial motions. (Doc. # 21). This motion was granted and Defendant was given until January 21, 2003 to file his pretrial motions. On January 21, 2003, Defendant filed a motion to extend time for filing pretrial motions. (Doc. # 22). This motion was granted and Defendant was given until February 20, 2003 to file his pretrial motions. On February 20, 2003, Defendant filed a motion to extend time for filing pretrial motions. (Doc. # 23). This motion was granted and Defendant was given until March 24, 2003 to file his pretrial motions. On March 24, 2003, Defendant filed a motion to extend time for filing pretrial motions. (Doc. # 24). This motion was granted and Defendant was given until April 7, 2003 to file his pretrial motions. On April 7, 2003, the Defendant filed his pretrial motions and on April 14, 2003, the Government filed its Omnibus response (Docs. ## 25, 26, and 27). On September 3, 2003, Defendant filed a sealed motion which the Court granted, causing the matter to be postponed once again. (Doc. #28) On September 25, 2003, a change of plea hearing was set for October 27, 2003. (Doc. # 30). On October 22, 2003, Defendant filed a motion to continue his change of plea hearing. (Doc. #33). The Court granted Defendant's motion and rescheduled the hearing date to November 3, 2003. (Doc. #34). Defendant's change of plea hearing then occurred on November 24, 2003. (Doc. #35). At the hearing, Defendant pled guilty to all five counts of the indictment against him. Id. On November 24, 2003, the Court scheduled Defendant's sentencing hearing to occur on March 10, 2004. (Doc. #36). On January 15, 2004, Defendant filed a motion to continue the date set for sentencing. (Doc. #9). The Court granted Defendant's motion and rescheduled the sentencing date to May 11, 2004. On April 19, 2004, the Defendant filed a motion to continue the sentencing date and to extend time to file objections to the presentence report. (Doc. #11). The Court granted the motion, reset the date for filing objections to April 23, 2004, and reset the sentencing

date to June 24, 2004. On May 27, 2004, the Court received a Notice that Assistant Federal Public Defender Linda Cohn was replacing Attorney Kowalczyk as Defendant's counsel. On June 16, 2004, the Defendant filed a motion to continue the date set for sentencing. (Doc. #14). The Court granted Defendant's motion and rescheduled the sentencing date to September 9, 2004. On September 2, 2004, Defendant filed a motion for Attorney Cohn to withdraw as counsel and to continue the date set for sentencing. (Doc. #16). The Court granted Defendant's motion and rescheduled the sentencing date to November 15, 2004. Current counsel, Robert E. Stewart, was appointed as Defendant's counsel on September 16, 2004 (Doc. #40). On October 28, 2004, Defendant filed a motion to continue the date set for sentencing. (Doc. #18). The Court granted Defendant's motion and rescheduled the sentencing date to January 11, 2005. On January 4, 2005, the Court received a letter form the Defendant that stated: "I am filing a motion to withdraw current counsel, Robert Stewart, from my case. He has never contacted me and was appointed by you on October 25th, 1904. I would also like to have a ninety-day postponement.[1]" The Court then rescheduled Defendant's hearing to February 23, 2005. (Doc. #41). On February 17, 2005, Defendant filed a motion to continue the date set for sentencing. (Doc. #21). The Government, in a letter dated February 18, 2005, protested the granting of this motion, basically arguing "enough is enough." As a result, the Court held a status conference on February 23, 2005. (Doc. #43). The Court then rescheduled the sentencing date to March 24, 2005. (Doc. #44). On March 18, 2005, Defendant filed a motion to continue the date set for sentencing. (Doc. #45). In the petition, Defendant requested a continuance of his sentence because: (1) defense

---

[1] On June 6, 2005, Defendant filed a Motion to Waive Counsel (Doc. #24), which this Court granted on July 14, 2005.

counsel has a scheduling conflict; (2) at the time Defendant entered his guilty plea in the instant matter, the Court agreed to order the Federal Bureau of Prisons to evaluate Defendant for the Wit Sec. Program, and while defense counsel has attempted to set up such an evaluation with the Bureau of Prisons, to date counsel has been unsuccessful; and (3) the failure to evaluate Defendant for the Wit Sec. Program prior to sentencing "will put his life in grave danger." The Court granted Defendant's motion, explaining:

> [t]he Court has reviewed the transcript of the change of plea proceedings held in this case on November 24, 2003 (Doc. #42). The need to have Defendant assessed for the Wit Sec. Program was discussed during the change of plea proceedings. See transcript, pp. 2-4, and 26. Ultimately, then defense counsel Crystina Kowalczyk, Esquire offered to prepare for the Court an order concerning the witness security program. See transcript, p. 2. The Court accepted Ms. Kowalczyk's offer to prepare the appropriate order and said that upon receiving an appropriate order, he would sign it. See transcript, p. 26. Ms. Kowalczyk never presented such an order for the Court to sign.
>
> Because the assessment of Defendant by the Bureau of Prisons for the Wit Sec. Program has not been completed, the Court will postpone Defendant's sentencing until said assessment is completed so long as defense counsel promptly prepares an appropriate order for the Court's signature. Defense counsel shall prepare an appropriate order to effectuate the assessment and present it to the Court for signature no later than March 31, 2005. No extension of time will be granted.

Memorandum Opinion, pp. 1-2. On March 28, 2005, the Court was presented with, and signed, an Order that stated "that the Federal Bureau of Prisons shall interview and evaluate the above listed defendant [Peter Splendore] for admission to its Witness Sequestration Program. It is further ordered that the court shall be notified by the Federal Bureau of Prisons upon completion of its evaluation." March 28, 2005 Order of Court (Doc. #47). On June 28, 2005, the Court sent a letter to the Bureau of Prisons requesting an update on Defendant's evaluation. By letter dated July 13, 2005, the Bureau of Prisons explained that this Court's "order of March 28, 2005, was

not received by the Bureau of Prisons until June 30, 2005. It is unknown as to the cause of this delay. I apologize for any inconvenience this delay has occasioned upon the Court." July 13, 2005 letter. The BOP, has, however, now evaluated Splendore's ability to enter the Witness Sequestration Program and has concluded that "at present, Mr. Splendore is not considered to be an appropriate candidate for sponsorship to the Witsec program" because there is "no information indicating Mr. Splendore cannot be held safely by the Federal Bureau of Prisons in general population once he comes into Bureau of Prison custody." Id. at p. 2. This evaluation was made based upon contact with Assistant United States Attorney Love and a review of Mr. Splendore's records from a previous federal incarceration. Id. Mr. Splendore was not interviewed or evaluated in connection with a threat assessment because he is not in "Bureau of Prison custody at this time." Id.

In his Motion to Dismiss Indictment, Defendant takes the position that it is the Government's fault that he has not yet been sentenced and that as such, his due process rights have been violated and the indictment against him should be dismissed.

In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182 (1972), the United States Supreme Court examined the issue of when a defendant's right to a speedy trial has been violated such that the case against him must be dismissed:

> [t]he approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.
>
> A balancing act necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. . . . we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

5

Id. at 530, 92 S.Ct. at 2192 (footnote omitted). Notably, the Barker Court explained that "[w]e hardly need add that if delay is attributable to the defendant, then his waiver may be given effect under standard waiver doctrine . . . ." Id. at 529.

Turning to the first prong of Barker, length of delay, certainly this case has been long and drawn out. Defendant was indicted on April 17, 2002, he entered his plea of guilty on November 24, 2003; it is now the summer of 2005.

Turning to the second prong of Barker, the reason for the delay, simply stated, at no point has this case been continued due to a motion brought by the Government. Although Defendant contends that "[t]his delay is attributable solely to the Government," see Motion to Dismiss Indictment, in fact, in every instance where the Court granted a continuance, said continuance was granted based upon a motion filed on behalf of the Defendant. The Court and the Government have been, and are currently, prepared for the Defendant's sentencing hearing to proceed.

Turning to the third prong of Barker, the defendant's assertion of his right to a speedy trial, the Barker Court explains: '[t]he defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." Barker, 407 U.S. at 531-32. Here, Defendant asserted his right to a speedy trial when he sent a letter to this Court generally raising the issue on or about April 27, 2005 and then submitted this motion to the Court on May 10, 2005.

Turning to the final prong of Barker, the prejudice to the defendant, the Barker Court explains: "[p]rejudice, of course, should be assessed in light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (1) to

prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. at 532.

Defendant argues that "[b]ecause of the delay, I have been forced to serve approx. 33 months in county jails as opposed to a federal prison. This has caused me to be denied adequate medical care for pre-existing serious conditions as reflected in my records. This housing in county jails has also caused me to be denied programmatic and rehabilitative benefits available in federal prisons." Defendant's Affidavit In Support of Motion to Dismiss Indictment, ¶¶ 9-11. While, not all of Defendant's arguments are relevant to the prejudices enumerated by the Barker Court, this Court will address all of the Defendant's arguments in turn. First, there is no evidence in the record to support Defendant's allegation that he has been denied adequate medical care during the time period in question. Second, while the Court cannot speculate as to what programs and rehabilitative programs Defendant would have received had he been in the federal prison system as opposed to the county prison system, and the Barker Court even notes that "[m]ost jails offer little or no recreational or rehabilitative programs," id. at 532, the Court will assume that some prejudice has been suffered by the Defendant as a result. Finally, Defendant's argument concerning the prejudice which he has suffered as a result of the delay in this case ignores the fact that were it not for his multiple motions to continue his sentencing date, Defendant would have long ago been sentenced and be residing in a federal prison.

Turning next to the concerns articulated by the Barker Court, here the delay in Defendant's sentencing has not resulted in "oppressive pretrial incarceration," given that

Defendant has already pled guilty to the five counts in the Indictment and if he were not awaiting sentencing pursuant to theses charges he would likely be in prison in New York, given that "[o]n June 25, 2002, Splendore pled guilty to Count 1 (Robbery) pursuant to a plea agreement which calls for him to receive a seven-year sentence that is to be served concurrently with any federal sentence he receives. His sentencing [in New York] has been rescheduled several times due to his unavailability. . . . .". Second, concerning the goal "to minimize anxiety and concern of the accused," the Court agrees that the length of time these proceedings have drawn out may have caused Defendant to suffer additional anxiety and concerns. Finally, concerning the goal "to limit the possibility that the defense will be impaired," this is an issue difficult to address under the facts of this case. Up until May 9, 2005 when Defendant filed his motion to withdraw his guilty plea, this was not a case where there was a possibility that the defense will be impaired because the sole issue before the Court was what sentence Defendant was to receive. Now, if this Court were to grant Defendant's motion to withdraw his guilty plea, then the lapse in time could impair Defendant's defense.

    After taking into consideration all of this information, the fact remains that none of the blame can be placed on the Government for the lengthy delay in sentencing Defendant. In every case, the motion for a continuance was filed by counsel for the Defendant or, in the last instance, by the Defendant himself. By our count there were six motions to extend the time to file pretrial motions, one sealed motion for a continuance, one motion to continue the change of plea hearing and eight motions to postpone sentencing. Indeed, the Government, in a letter dated February 18, 2005, even protested the granting of a motion for a continuance. The Court saw no reason to deny any of those motions since they were all made by or on behalf of the Defendant, because the

8

Defendant was already in custody, and because of the charges faced here and in New York, the Defendant faces a long period of incarceration. The Court cannot now agree that Defendant was prejudiced by his own motions to delay or postpone the normal progress of his case. Accordingly, it would be unjust to dismiss the indictment against Defendant. Defendant's motion to dismiss the indictment is denied.

s/ Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior Judge

cc:     James Love, AUSA
        Peter Splendore, pro se
        Robert Stewart

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **Crim. No. 02-078** |
| | ) | **Crim. No. 02-009** |
| PETER SPLENDORE | ) | |
| | ) | |

## ORDER

AND NOW, this 27th day of July, it is hereby ORDERED, ADJUDGED AND DECREED that Defendant Peter Splendore's Motion to Dismiss Indictment (Doc. # 48) is DENIED.

S/ *Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Peter Splendore, pro se
    Jim Love
    Robert Stewart